IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREYBIRD PUBLISHERS LLC d/b/a
AMERICAN DIGGER®,

        Plaintiff,

   v.

VIACOM INC.,
SPIKE CABLE NETWORKS INC.,
SPIKE DIGITAL ENTERTAINMENT LLC,
SPIKE DIGITAL ENTERTAINMENT INC., and
NEW 38TH FLOOR PRODUCTIONS INC.,

        Defendants.

CIVIL ACTION FILE

NO. _____

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL**

Plaintiff GREYBIRD PUBLISHERS LLC d/b/a AMERICAN DIGGER®

("Greybird" or "Plaintiff") states its complaint against Defendants as follows:

1.    This is an action for trademark infringement, dilution and related

claims arising from the defendants' willful and infringing use of Plaintiff's

federally registered and common law trademark, AMERICAN DIGGER®, in

connection with a cable television entertainment program produced and distributed

by Defendants, also called "American Digger."

<u>PARTIES</u>

2.      Plaintiff is a Georgia limited liability company located in Acworth (Cobb County), Georgia.

3.      Defendant Viacom Inc. ("Viacom") is a Delaware corporation with a principal place of business at 1515 Broadway, New York, New York.  Viacom may be served with process by and through its Delaware registered agent, Corporation Service Company, 2711 Centerville Rd Ste. 400, Wilmington, DE 19808.

4.      Defendant Spike Cable Networks Inc. ("SCN") is a Delaware corporation with, upon information and belief, a principal place of business in New York.  SCN may be served with process by and through its Delaware registered agent, Corporation Service Company, 2711 Centerville Rd Ste. 400, Wilmington, DE 19808.

5.      Defendant Spike Digital Entertainment LLC ("SDEL") is a Delaware limited liability company with, upon information and belief, a principal place of business in New York.  SDEL may be served with process by and through its Delaware registered agent, Corporation Service Company, 2711 Centerville Rd Ste. 400, Wilmington, DE 19808.

6.     Defendant Spike Digital Entertainment Inc. ("SDEI") is a Delaware corporation with, upon information and belief, a principal place of business in New York.  SDEI may be served with process by and through its New York registered agent, Corporation Service Company, 80 State Street, Albany, New York 12207-2543.

7.     Defendant New 38th Floor Productions Inc. ("New 38th") is a Delaware corporation with, upon information and belief, a principal place of business in New York.  SCN may be served with process by and through its Delaware registered agent, Corporation Service Company, 2711 Centerville Rd Ste. 400, Wilmington, DE 19808.

<u>JURISDICTION AND VENUE</u>

8.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1337, and 1338, because this action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.,* and because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  In addition, this Court has subject matter jurisdiction over the claims asserted herein under Georgia law pursuant to 28 U.S.C. § 1338 and 1367, because such claims are joined with

substantial and related claims under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*.

9.      This Court has personal jurisdiction over Defendants pursuant to O.C.G.A. § 9-10-91 and federal law on the grounds that, upon information and belief, (i) Defendants transact business within the State of Georgia; (ii) Defendants have committed acts of infringement within and/or directed toward residents of the State of Georgia; (iii) Defendants' acts of infringement have caused injury within the State of Georgia, and Defendants regularly do or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from goods used or consumed and/or services rendered in this state; (iv) Defendants purposefully direct activities toward residents of the State of Georgia; (v) the cause of action set forth herein arises from or relates to Defendants' activities in the State of Georgia; and/or (vi) the exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.  Specifically, Defendants have, directly and/or through intermediaries, committed acts of trademark infringement and dilution within this judicial district by advertising, telecasting, and/or distributing their infringing "American Digger" television program in this judicial district, and such acts have caused financial injury to Plaintiff in the Northern District of Georgia.

10.     Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

*Plaintiff's Business and Trademark*

11.     Plaintiff is the publisher of AMERICAN DIGGER®, a magazine dedicated to the hobby of metal detecting and founded to promote the responsible excavation and recovery of artifacts related to America's heritage, for enjoyment and historical significance.

12.     AMERICAN DIGGER® magazine has been published bi-monthly since December of 2004 by the husband and wife team of Anita and Grady R. ("Butch") Holcombe, Jr., (collectively, "the Holcombes"), and is distributed throughout the United States.

13.     Mr. Holcombe applied to register the mark AMERICAN DIGGER® with the United States Patent and Trademark Office ("USPTO") on August 12, 2011.  The USPTO granted the application and issued United States Trademark Registration No. 4,141,765 for the mark AMERICAN DIGGER® on May 15, 2012 ("the AMERICAN DIGGER® Mark").

14.     Mr. Holcombe formed Plaintiff GREYBIRD PUBLISHERS LLC in September of 2012 for the purposes of owning and operating the magazine,

AMERICAN DIGGER®.  Plaintiff formally acquired the AMERICAN DIGGER®
mark, all associated good will, and the right to sue for damages for past
infringements, by assignment dated October 4, 2012.  As a result, Plaintiff is the
owner of all rights in and to the AMERICAN DIGGER® mark, including all
registration and common law rights in and to the mark.

15.     Plaintiff also operates the AMERICAN DIGGER® magazine's
website, found at www.americandigger.com, and produces and distributes the
AMERICAN DIGGER® Relic Roundup Internet radio program, which Mr.
Holcombe co-hosts.

*Defendants' Business*

16.     Defendants advertise, produce, televise, and otherwise distribute a
cable television program entitled "American Digger," which portrays metal
detecting and the excavation and recovery of artifacts related to America's
heritage.

17.     In contrast to Plaintiff's AMERICAN DIGGER® magazine, however,
Defendants' television series emphasizes "the hopes of striking it rich and
capitalizing on unearthing and selling bits of American History."  As described on
the show's Internet web site:

ABOUT AMERICAN DIGGER

Spike TV travels around the country uncovering hidden treasure found in the backyards of everyday Americans in "American Digger." This new unscripted original series follows former professional wrestler turned modern day relic hunter Ric Savage, as he and his team from American Savage target areas such as battlefields and historic sites in *the hopes of striking it rich and capitalizing on unearthing and selling bits of American history*. The only thing standing in their way are the homeowners themselves, who Savage must convince to allow them to dig up their property using state-of-the-art metal detectors and heavy-duty excavation equipment. *What artifacts they find, they sell for a substantial profit,* but not before negotiating a deal to divide the revenue with the property owners. [Emphasis added].

18.    Defendants' show was first televised on or around March 21, 2012 on

Defendants' "Spike" cable television channel.

19.    Immediately after the Defendants' show aired, the Holcombes began

receiving a barrage of calls, e-mails, and unfavorable comments on hobbyist

forums from subscribers and hobbyists alarmed by the show's highly inflammatory

and negative depiction of their hobby and the risks the show posed for the ability

of hobbyists to continue to pursue their metal detecting activities, and believing

that the show was related to the AMERICAN DIGGER® magazine.  Ms.

Holcombe spent numerous hours attempting correct these misperceptions.

20.    Defendants' use of the name "American Digger" in connection with

Defendants' show has caused and is likely to continue causing significant

consumer confusion, and dilution of the distinctive character and quality of Plaintiff's AMERICAN DIGGER® mark.

21.    Defendants' last new show in the 13-episode cycle was televised on or around June 6, 2012.  Defendants occasionally televise previously aired episodes on their "Spike" cable channel, and all 13 episodes are currently available for viewing on the "Spike" Internet web site.

22.    The Holcombes believed, and understood that Defendants' program would only run for one series cycle, after which they hoped no new shows would be produced or distributed, and the problems created by the show for AMERICAN DIGGER® magazine would subside.

23.    In August of 2012, however, the Holcombes learned that Defendants were renewing the "American Digger" television show for another cycle, to air in 2013.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

24.    Plaintiff realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 23 of this Complaint.

25.    Defendants had actual notice and knowledge of the Holcombes' (and now Plaintiff's) ownership and use of the AMERICAN DIGGER® mark since at

least as early as August, 2011, long before Defendants' first us of the name

"American Digger" for their television program.  Pursuant to 15 U.S.C. § 1072,

Defendants have had constructive notice of the Holcombes' (and now Plaintiff's)

ownership since the AMERICAN DIGGER® registration issued on May 15, 2012.

26.    Defendants knew of Plaintiff's business and its AMERICAN

DIGGER mark prior to the adoption and use of the name "American Digger" for

their television show.

27.    Without obtaining a proper license from the Holcombe's, Defendants

deliberately adopted the name of their television show in an attempt to trade on the

enormous goodwill, reputation, and selling power established by Plaintiff under the

AMERICAN DIGGER mark.

28.    Defendants' unauthorized use of the name "American Digger" for

their television show falsely indicates to consumers that Defendants' program is in

some manner connected with, sponsored by, affiliated with, or related to Plaintiff,

and the products and services of Plaintiff.

29.    Defendants' unauthorized use of the name "American Digger" is also

likely to cause consumers to be confused as to the source, nature and quality of the

products and/or services Defendants are promoting or selling.

30.     Defendants' unauthorized use of the name "American Digger" allows, and will continue to allow, Defendants to receive the benefit of the goodwill established at great labor and expense by Plaintiff and the Holcombes, and to gain acceptance of Defendants' products and services, not based on the merits of those products and services, but on Plaintiff's reputation and goodwill.

31.     Defendants' unauthorized use of the name "American Digger" deprives Plaintiff of the ability to control the consumer perception of the quality of the goods and services marketed under the AMERICAN DIGGER® mark, and places Plaintiff's valuable reputation and goodwill in the hands of Defendants, over which Plaintiff has no control.

32.     Defendants have caused confusion and are likely to cause further confusion, or to cause mistake, or to deceive consumers or potential consumers in violation of 15 U.S.C. § 1114.

33.     Plaintiff has been, is now, and will continue to be irreparably injured and damaged by Defendants' trademark infringement, and unless enjoined by the Court, Plaintiff will suffer further harm to its name, reputation and goodwill.  This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

34.     Plaintiff realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 33 of this Complaint.

35.     Defendants' unauthorized use of the name "American Digger" falsely suggests that their services are connected with, sponsored by, affiliated with, or related to Plaintiff, and constitutes a false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

36.     Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless enjoined by the Court, Plaintiff will suffer further harm to its name, reputation and goodwill.  This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION
## GEORGIA DECEPTIVE TRADE PRACTICES ACT
## (O.C.G.A. § 10-1-370 *et seq.*)

37.     Plaintiff realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 36 of this Complaint.

38.     Defendants' unauthorized use of the name "American Digger" constitutes deceptive trade practices under the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-370, *et seq.*

39.     The public is likely to be substantially damaged as a result of

Defendants' deceptive trade practices.

40.     Unless enjoined by this Court, Defendants will continue said

deceptive trade practices, thereby deceiving the public and causing Plaintiff

immediate and irreparable injury for which it has no adequate remedy at law.

### FOURTH CAUSE OF ACTION
### GEORGIA STATUTORY UNFAIR COMPETITION
### (O.C.G.A. § 23-2-55)

41.     Plaintiff realleges and incorporates herein by reference the matters

alleged in paragraphs 1 through 40 of this Complaint.

42.     Upon information and belief, Defendants' unauthorized use of the

name "American Digger" has been with the intention of deceiving and misleading

the public, and thereby attempting to encroach upon the business of Plaintiff in

violation of O.C.G.A. § 23-2-55.

43.     Defendants' unauthorized use of the name "American Digger" has

caused, and unless restrained by this Court, will continue to cause immediate and

irreparable injury to Plaintiff because a substantial number of past, present and

potential customers have been and are likely to be confused, deceived and misled

as to the true source, origin, sponsorship, approval, authorization, association,

affiliation and characteristics of the products and services offered for sale and sold

by Defendants.  Plaintiff has no adequate remedy at law for such injury.

## FIFTH CAUSE OF ACTION
## FEDERAL TRADEMARK DILUTION
## (15 U.S.C. § 1125(c))

44.    Plaintiff realleges and incorporates herein by reference the matters

alleged in paragraphs 1 through 43 of this Complaint.

45.    The AMERICAN DIGGER® mark has been adopted and used by

Plaintiff and Plaintiff's predecessors in interest since 2004.

46.    The AMERICAN DIGGER® mark is a famous mark within its

market niche of metal detecting hobbyists, and is widely recognized by consumers,

businesses and industry within that market niche as identifying the products and

services of Plaintiff in the minds of those consumers.

47.    Defendants' unauthorized use of the name "American Digger" began

after Plaintiff's mark had become famous within its market niche, and

demonstrates an intentional, willful, and malicious intent to trade on the goodwill

associated with the AMERICAN DIGGER® mark.

48.    Defendants' unauthorized use of the name "American Digger" dilutes,

and is likely to continue to dilute, the distinctiveness of the AMERICAN

DIGGER® mark by eroding the public's exclusive identification of this famous

13

mark with Plaintiff and by tarnishing and degrading the positive associations and

prestigious connotations of the mark, and Defendants' continued unauthorized use

will continue to have an adverse effect upon the value and distinctive quality of the

AMERICAN DIGGER® mark.  Defendants' acts blur and whittle away at the

distinctiveness and identity-evoking quality of the AMERICAN DIGGER® mark.

49.    Defendants' unauthorized use of the name "American Digger"

tarnishes and adversely affects the value, character, and distinctive quality of the

AMERICAN DIGGER® mark because Defendants' infringing program depicts

irresponsible relic hunting for profit, and utterly fails to promote the responsible

detection, excavation and recovery of artifacts related to America's heritage for

enjoyment and historical significance.  Defendants' acts blur and tarnish the

distinctive character and quality of the AMERICAN DIGGER® mark, and are

likely to continue doing so, in violation of 15 U.S.C. § 1125(c).

50.    Plaintiff has been, is now, and will continue to be irreparably injured

and damaged by Defendants' aforementioned acts, and unless enjoined by the

Court, Plaintiff will suffer further harm to its name, reputation and goodwill.  This

harm constitutes an injury for which Plaintiff has no adequate remedy at law.

## SIXTH CAUSE OF ACTION
## GEORGIA TRADEMARK DILUTION
## (O.C.G.A. § 10-1-451)

51.     Plaintiff realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 50 of this Complaint.

52.     The AMERICAN DIGGER® mark has been adopted and used by Plaintiff and Plaintiff's predecessors in interest since 2004.

53.     The AMERICAN DIGGER® mark is a famous mark within its market niche of metal detecting hobbyists, and is widely recognized by consumers, businesses and industry within that market niche as identifying the products and services of Plaintiff in the minds of those consumers.

54.     Defendants' unauthorized use of the name "American Digger" began after Plaintiff's mark had become famous within its market niche, and demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the AMERICAN DIGGER® mark.

55.     Defendants' unauthorized use of the name "American Digger" dilutes, and is likely to continue to dilute the distinctiveness of the AMERICAN DIGGER® mark by eroding the public's exclusive identification of this famous mark with Plaintiff and by tarnishing and degrading the positive associations and prestigious connotations of the mark, and Defendants' continued unauthorized use

will continue to have an adverse effect upon the value and distinctive quality of the AMERICAN DIGGER® mark.  Defendants' acts blur and whittle away at the distinctiveness and identity-evoking quality of the AMERICAN DIGGER® mark.

56.    Defendants' unauthorized use of the name "American Digger" tarnishes and adversely affects the value, character, and distinctive quality of the AMERICAN DIGGER® mark because Defendants' infringing program depicts irresponsible relic hunting for profit, and utterly fails to promote the responsible detection, excavation and recovery of artifacts related to America's heritage for enjoyment and historical significance.  Defendants' acts have diluted and are likely to continue diluting the famous AMERICAN DIGGER® mark in violation of O.C.G.A. § 10-1-451.

57.    Plaintiff has been, is now, and will continue to be irreparably injured and damaged by Defendants' aforementioned acts, and unless enjoined by the Court, Plaintiff will suffer further harm to its name, reputation and goodwill.  This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION
## GEORGIA COMMON LAW UNFAIR COMPETITION

58.    Plaintiff realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 57 of this Complaint.

59.     Defendants' unauthorized use of the name "American Digger" has been for the calculated purposes of passing off their services as those of Plaintiff, trading upon Plaintiff's goodwill and reputation, and deceiving the public as to the true nature and characteristics of Defendants' services, all to Defendants' profit and to Plaintiff's damage.

60.     Defendants' aforesaid acts constitute unfair competition under the common law of the State of Georgia and have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff's goodwill and reputation, for which it has no adequate remedy at law.

## EIGHTH CAUSE OF ACTION
## GEORGIA COMMON LAW TRADEMARK INFRINGEMENT

61.     Plaintiff realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 60 of this Complaint.

62.     Plaintiff, by virtue of its prior adoption and use of the AMERICAN DIGGER® mark, in this judicial district and elsewhere, has acquired, established and owns valuable common law rights in said marks.

63.     Defendants' unauthorized use of the name "American Digger" constitutes copying and imitation of the AMERICAN DIGGER® mark, falsely designates the origin of Defendants' services, causes confusion, mistake and deception in the marketplace, and is likely to cause further confusion, mistake or

deception in the marketplace, and therefore infringes Plaintiff's common law rights in the AMERICAN DIGGER® mark in violation of the common law of the State of Georgia.

64.     Defendants' actions complained of herein, unless preliminarily and thereafter permanently enjoined by this Court, will continue to result in a likelihood of further confusion, mistake and deception of the public concerning the sources or origin of services offered for sale and sold by Defendants, and will continue to produce irreparable injury and damage to Plaintiff and its goodwill and business reputation, for which Plaintiff has no adequate remedy at law.

## NINTH CAUSE OF ACTION
## GEORGIA COMMON LAW UNJUST ENRICHMENT

65.     Plaintiff realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 64 of this Complaint.

66.     Defendants' unauthorized use of the name "American Digger" in connection with the advertising, promoting and sale of their goods and services, from which Defendants have derived substantial profits, has unjustly enriched Defendants by enabling them to unfairly appropriate the benefit of Plaintiff's extensive use, promotion and development of the AMERICAN DIGGER® mark and the goodwill associated therewith.

67.    Defendants have earned revenues and profits to which they are not legally entitled, and Plaintiff continues to be irreparably injured by the aforesaid acts of Defendants, which acts have greatly and unjustly enriched Defendants at Plaintiff's expense, for which injury Plaintiff has no adequate remedy at law.

## TENTH CAUSE OF ACTION
## GEORGIA COMMON LAW MISAPPROPRIATION AND CONVERSION

68.    Plaintiff realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 67 of this Complaint.

69.    Defendants, through the unauthorized use of the name "American Digger", have misappropriated the AMERICAN DIGGER® mark and have unlawfully converted to their own use and exploited Plaintiff's property, name and commercial likeness, thereby reaping for themselves the benefits of Plaintiff's long years of use, promotion and development of the AMERICAN DIGGER® mark and the goodwill symbolized thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.    Entry of an order and judgment requiring that Defendants and their agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from (a) using in any manner the AMERICAN DIGGER® mark or any

other name, mark or domain name that incorporates the AMERICAN DIGGER®

mark or is confusingly similar to or a colorable imitation of this mark; (b) doing

any act or thing that is calculated or likely to cause confusion or mistake in the

minds of members of the public or prospective customers of Plaintiff's or

Defendants' products or services as to the source of the products or services

offered for sale, distributed, or sold, or that is likely to deceive members of the

public, or prospective customers, into believing that there is some connection,

affiliation, or sponsorship between Defendants and Plaintiff; and (c) committing

any acts which will tarnish, blur, or dilute, or that is likely to tarnish, blur, or dilute

the distinctive character and quality of the famous AMERICAN DIGGER® mark;

    B.    A judgment ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to

file with this Court and serve upon Plaintiff within thirty (30) days after entry of

the injunction, a report in writing under oath setting forth in detail the manner and

form in which Defendants have complied with the injunction and ceased all

offering of services under the Defendants' trade names and trademarks as set forth

above;

    C.    A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to

deliver up for destruction, or to show proof of said destruction or sufficient

modification to eliminate the infringing matter, all articles, web pages, video,

packages, wrappers, products, displays, labels, signs, vehicle displays or signs, circulars, kits, packaging, letterhead, business cards, promotional items, clothing, literature, sales aids, receptacles or other matter in the possession, custody, or under the control of Defendants or their agents bearing the trademark AMERICAN DIGGER® in any manner, or any mark that is confusingly similar to or a colorable imitation of this mark, including without limitation the Defendants' use of the name "American Digger" to identify their infringing television program, both alone and in combination with other words or terms;

D.     A judgment in the amount of Plaintiff's actual damages, Defendants' profits, Plaintiff's reasonable attorneys' fees and costs of suit, pre-judgment interest, and post-judgment interest;

E.     A judgment for enhanced damages under 15 U.S.C. §1117 and punitive damages under state law as appropriate; and

F.     A judgment granting Plaintiff such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

21

This 26th day of October, 2012.

KENT LAW, P.C.

/s/*Daniel A. Kent*
Daniel A. Kent
Georgia Bar Number 415110
dan@kentiplit.com
555 N Point Ctr E Ste 400
Alpharetta, GA 30022
Tel:  (404) 585-4214
Fax:  (404) 829-2412

Counsel for Plaintiff